PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 10/99)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE __Western__ DISTRICT OF TEXAS FILED

__Waco__ Division

APR 3 0 2007

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

__Jerry Don Martin__
**PETITIONER**
(Full name of Petitioner)

__Mark W. Stiles Unit - Toc J__
**CURRENT PLACE OF CONFINEMENT**

__602390__
**PRISONER ID NUMBER**

**vs.**

__Nathaniel Quarterman, Director__
**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of petitioner)

**W07CA130**
**CASE NUMBER**
(Supplied by the Clerk of the District Court)

---

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3. When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6.  Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7.  When you have finished filling out the petition, mail <u>the original and two copies</u> to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody.  A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library.  You may use this list to decide where to mail your petition.

8.  Petitions that do not meet these instructions may be returned to you.

---

# PETITION

## What are you challenging?  (Check <u>only</u> one)

☑ A judgment of conviction or sentence,    (Answer Questions 1-4, 5-12 & 20-23)
     probation or deferred-adjudication probation
☐ A parole revocation proceeding.    (Answer Questions 1-4, 13-14, & 20-23)
☐ A disciplinary proceeding.    (Answer Questions 1-4, 15-19 & 20-23)

## All petitioners must answer questions 1-4:

1.  Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack:
    220th Judicial District, Hamilton County

2.  Date of judgment of conviction: October 21, 1991

3.  Length of sentence: 50 years

4.  Nature of offense and docket number (if known): Aggravated Sexual Assault, Cause No. 6498

## Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:

5.  What was your plea? (Check one)

    ☑ Not Guilty    ☐ Guilty    ☐ Nolo contendere

6.  Kind of trial: (Check one)    ☑ Jury    ☐ Judge Only

- 2 -

CONTINUED ON NEXT PAGE

7.  Did you testify at the trial?   ☑ Yes      ☐ No

8.  Did you appeal the judgment of conviction?   ☑ Yes   ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal?

10th Court of Appeals   Cause Number (if known) 10-92-017-CR

What was the result of your direct appeal (affirmed, modified or reversed): affirmed

What was the date of that decision? October 7, 1992

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Result: Refused

Date of result: Sept, 23, 1992   Cause Number (if known): 

If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

Result: 

Date of result: 

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

☑ Yes      ☐ No

11. If your answer to 10 is "Yes," give the following information:

Name of court: 220th Judicial District Court

Nature of proceeding: Article 11.07 application for habeas

Cause number (if known): 6498-A, WR-34,764-01

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.
April 8, 1999

Grounds raised: Ineffective assistance of counsel, factual innocence, cruel and unusual punishment

- 3 -

CONTINUED ON NEXT PAGE

<u>Date</u> of final decision: _____

Name of court that issued the final decision: Court of Criminal Appeals

As to any **_second_** petition, application or motion, give the same information:

Name of court: 220th Judicial District Court

Nature of proceeding: Article 11.07 application for habeas

_____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.
December 27, 2006

Grounds raised: Ineffective assistance of appellate counsel, ineffective assistance of trial counsel, trial counsel's failure to object.

<u>Date</u> of final decision: February 21, 2007

Name of court that issued the final decision: Court of Criminal Appeals

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?
                                    ☐    Yes         ☑    No

(a)    If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

_____

_____

(b)    Give the date and length of the sentence to be served in the future: _____

_____

(c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

        ☐    Yes         ☐    No

- 4 -                                    CONTINUED ON NEXT PAGE

**Parole Revocation:**

13.      Date and location of your parole revocation: _____

14.      Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

          ☐    Yes          ☐    No

      If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.      For your original conviction, was there a finding that you used or exhibited a deadly weapon?      ☐ Yes    ☐ No

16.      Are you eligible for mandatory supervised release?      ☐ Yes    ☐ No

17.      Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

      _____

      Disciplinary case number: _____

18.      Date you were found guilty of the disciplinary violation: _____

      Did you lose previously earned good-time credits?      ☐ Yes    ☐ No

      Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: _____

      _____

19.      Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

          ☐    Yes          ☐    No

      If your answer to Question 19 is "yes," answer the following:

      <u>Step 1</u> Result: _____

                           _____

         Date of Result: _____

      <u>Step 2</u> Result: _____

                           _____

CONTINUED ON NEXT PAGE

Date of Result: _____

**All applicants must answer the remaining questions:**

20.     State <u>clearly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

**CAUTION:**
<u>Exhaustion of State Remedies:</u> You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
<u>Subsequent Petitions:</u> If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your belief that you are being held unlawfully.

<u>DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS.</u>  Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a)     Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b)     Conviction obtained by the use of a coerced confession.

(c)     Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d)     Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e)     Conviction obtained by a violation of the privilege against self-incrimination.

(f)     Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g)     Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h)     Conviction obtained by a violation of the protection against double jeopardy.

(i)     Denial of effective assistance of counsel.

(j)     Denial of the right to appeal.

(k)     Violation of my right to due process in a disciplinary action taken by prison officials.

CONTINUED ON NEXT PAGE

A.   **GROUND ONE:** Habeas counsel erroneously advised Petitioner that he could not file a § 2254 after state habeas was denied.

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

After the Court of Criminal Appeals denied Petitioner's first Art. 11.07 application the Petitioner asked his habeas counsel, Keith Hampton, to continue on to the federal level. Mr. Hampton told the Petitioner that he could not file in federal court without new evidence.

B.   **GROUND TWO:** Trial court erred in denying subsequent writ.

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

The trial court denied Petitioner's subsequent writ on the grounds that the habeas attorney had no duty or obligation to proceed to federal level and missed attorney's deliberately misleading Petitioner on a known fact of law.

C.   **GROUND THREE:** _____

_____

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

_____

_____

_____

_____

_____

- 7 -                                    **CONTINUED ON NEXT PAGE**

D.    GROUND FOUR: _____

_____

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

_____

_____

_____

_____

_____

21.    Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

☐    Yes                 ☑    No

If your answer is "yes," give the date on which <u>each</u> petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

_____

_____

_____

22.    Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

☐    Yes                 ☑    No

If your answer is "yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

CONTINUED ON NEXT PAGE

23. Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

☐ Yes          ☑ No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

_____

_____

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on

X _____ 4-26-07 _____ (month, date, year).

Executed on _____ 4-26-07 _____ (date). ✗

X _Jerry D. Walton_
Signature of Petitioner (required)

Petitioner's current address: Mack W. Stiles Unit, 3060 FM 3514,

Beaumont, Texas 77705

- 9 -



U.S.D.C., Western Dist.
Waco Division
Dist. Court Clerk
380 U.S. Courthouse
800 Franklin Ave.
Waco, Texas 76701

Legal