IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

JERRY DON MARTIN,
TDCJ-ID No. 602390,

       Petitioner,

v.

       CAUSE NO. W07CA130

NATHANIEL QUARTERMAN,
TDCJ-ID Director,

       Respondent,

MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS

COMES NOW, Jerry Don Martin, TDCJ-ID No. 602390, Petitioner pro se and makes this his memorandum of law in support of his petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254.

Statement Of Facts

Petitioner's habeas counsels, Keith and Cynthia Hampton filed a state Article 11.07 TCCP application for writ of habeas corpus on April 8, 1998, in the 220th Judicial District Court, Hamilton County, Texas.

1

The issues presented to the court, in Petitioner's first state habeas application, were ineffective assistance of counsel, factual innocence, and cruel and unusual punishment. Counsel alleged applicant's Fifth, Sixth, and Fourteenth Amendment rights had been violated.

When the Petitioner's application was denied by the Court of Criminal Appeals of Texas, 6498-A (WR-34,764-01), the Petitioner asked his habeas attorneys to file, as the next step, his federal Sec. 2254 petition for writ of habeas corpus.

Petitioner's attorney told the Petitioner that he could not file a Sec. 2254 without new evidence, even though his issues were of a constitutional stature. Believing his lawyer, Petitioner assumed he had exhausted his legal remedies.

In 2006, the Petitioner, who has been fighting HIV and cancer in the intervening time, found out that his habeas attorney could have filed a Sec. 2254 for him or let him know that he could have retained other counsel or filed a § 2254 pro se.

By deliberately misinforming the Petitioner as to his legal rights and options the habeas lawyer seriously damaged any chances of resolving his case and further time-barring Petitioner both due to the Doctrine of Laches and the Anti-Terrorism and Effective Death Penalty Act (AEDPA).

2

Statement Of The Case

Petitioner's habeas counsels, Keith and Cynthia Hampton, filed Petitioner's first state Article 11.07 application for writ of habeas corpus, 6498-A (WR-34,764-01), on April 8, 1997, in the 220th Judicial District Court in Hamilton County, Texas.

On November 10, 1997, the Court of Criminal Appeals of Texas ordered an evidentiary hearing.

The Court of Criminal Appeals denied Petitioner's habeas without published opinion.

On December 27, 2006, Petitioner submitted a subsequent state Article 11.07 application for writ of habeas corpus, 6498-B (WR-34,764-02), with the 220th Judicial District Court.

On January 24, 2007, the State's Attorney, B.J. Shepherd, filed the State's Answer to the Petitioner's application denying all allegations.

On February 1, 2007, Judge James E. Morgan of the 220th Judicial District Court filed his Findings and Order recommending no relief be granted to the Petitioner.

On February 8, 2007, the Court of Criminal Appeals received Petitioner's application for writ of habeas corpus.

On February 21, 2007, the Court of Criminal Appeals dismissed Petitioner's application without written

3

order pursuant to Tex. Code Crim. Proc. Art. 11.07, Sec. 4(a)-(c).

## ARGUMENT

### GROUND ONE

HABEAS COUNSEL ERRONEOUSLY ADVISED PETITIONER THAT PETITIONER COULD NOT FILE A PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. Sec. 2254.

As stated in the Petitioner's statement of facts, when Petitioner's state Article 11.07 habeas was dismissed by the Court of Criminal Appeals, the Petitioner asked his lawyer to carry his case to the federal court with a 28 U.S.C. Sec. 2254 (§ 2254) habeas corpus. At that time the Petitioner was not time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").

Petitioner's counsel told the Petitioner that he could not file a habeas in federal court without new evidence.

First of all, the issues brought up in Petitioner's first state habeas (6498-A) had been federalized and were Constitutional violations: Issue I was a Fourteenth Amendment violation; Issue II was an Eighth and Fourteenth Amendment violation; and Issue III was a Fifth, Sixth, and Fourteenth Amendment violation. As such the Petitioner's case could have been filed in the federal court. If the Petitioner's counsel had of ad-

4

vised the Petitioner properly the Petitioner could have either retained other counsel or proceeded pro se within the time limit set by the AEDPA. By deliberately misinforming the Petitioner the habeas counsel thereby denied the Petitioner access to the federal courts and therefore denied Petitioner his Due Process rights under the Fifth and Fourteenth Amendments of the United States Constitution.

## GROUND TWO

### TRIAL COURT ERRED IN DENYING SUBSEQUENT WRIT

The trial court erred in denying Petitioner's subsequent writ. Addressing each of the State's denials in order:

1.

All issues raised in Petitioner's writ could not have been raised on appeal or in Petitioner's first writ as the issues have to do with procedure after the dismissal of Petitioner's first application for writ of habeas corpus;

2.

Those claims alleged to be "Record claims" were brought up on the first application and, as such, were considered sufficient grounds for the Court of Criminal Appeals to grant an evidentiary hearing on November

10, 1992.

3.

As to the Court applying that stance to any Constitutional claims to be brought up on appeal that was not possible as those Constitutional claims were brought up on Petitioner's first and second habeas applications;

4.

Petitioner stated sufficient specific facts that established his claims, said facts, stated under oath, that Petitioner's habeas counsel did erroneously advise Petitioner as to a fact of law denying Petitioner his Due Process right to the federal courts under §2254.

5.

The Doctrine of Laches should not apply as all of the documents, records, and parties are still accessible to the Court;

6.

Finally, as the State noted in their Answer on page 6, "... Applicant would need to substantiate these facts to this Court or appropriate Federal Court if he expects any action to be taken." This is exactly what the Petitioner has been trying to do with the subsequent writ which was dismissed by the Court of Criminal Appeals.

According to McShane v. Estelle, 683 F.2d 867 (5th Cir. 1982) and Vaughn v. Estelle, 671 F.2d 152 (5th Cir. 1982), "Writ of habeas corpus is not abused if a petitioner

alleges error not presented in his first petition if his unawareness of facts which might support a habeas petition is excusable, or if his failure to understand legal significance of known facts is justifiable." Rules Governing § 2254 Cases, Rule 9(b), 28 USCA foll. § 2254.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Petitioner prays this Court will grant him an evidentiary hearing and counsel to show that his Due Process rights were violated by denying Petitioner access to the Federal Courts and, further, grant Petitioner's Writ of Habeas Corpus.

*Jerry D. Martin*
Jerry Don Martin 602390
Petitioner Pro Se

## UNSWORN DECLARATION

Pursuant to 28 U.S.C. § 1746, I, Jerry Don Martin, TDCJ-ID No. 602390, being presently incarcerated on the Mark W. Stiles Unit, in Jefferson County, Texas, declare under penalty of perjury that the foregoing Memorandum of Law In Support of Petition For Writ of Habeas Corpus is true and correct.

Executed on __26__ day of __April__ 2007.

7

*Jerry D. Martin*

Jerry Don Martin 602390
Mark W. Stiles Unit
3060 FM 3514
Beaumont, Texas 77705