IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| **JERRY DON MARTIN,** § | | |
| **TDCJ #602390,** § | | |
|     Petitioner, § | | |
| § | | |
| v. § | Civil No. W-07-CA-130 | |
| § | | |
| **NATHANIEL A. QUARTERMAN,** § | | |
| Director, Texas Department of Criminal § | | |
| Justice, Correctional Institutions Division, § | | |
|     Respondent. § | | |

**O R D E R**

    Before the Court is Petitioner's application for writ of habeas corpus under Title 28, United States Code, Section 2254. Petitioner has paid the appropriate filing fee and is before the Court *pro se*. Petitioner filed his habeas application on April 26, 2007.[1] It appears to the Court that Petitioner is challenging his 1991 conviction in the 220th Judicial District Court of Hamilton County, Texas, Cause No. 6498, for Aggravated Sexual Assault. His conviction was affirmed by the Tenth Court of Appeals of Texas, and the Texas Court of Criminal Appeals refused his petition for discretionary review on September 23, 1992. He did not file a petition for writ of certiorari with the United States Supreme Court. *See* Original Application at 2-3. Petitioner appears to have filed only two state

---

[1] *See Spotville v. Cain,* 149 F.3d 374, 375 (5th Cir. 1998)("We hold that the habeas corpus petition of a *pro se* prisoner litigant is filed for purposes of determining the applicability of the AEDPA at the time the petitioner tenders the petition to prison officials for mailing."). Although marked as being filed on April 30, 2007, Petitioner placed his application in the prison mailing system on April 26, 2007. Original Application at 1 and 9.

habeas applications, the first on April 8, 1997[2], and the second on December 27, 2006[3]. *Id.*

Petitioner's § 2254 application was filed after April 24, 1996, and therefore, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), applies to this action. *See Lindh v. Murphy*, 521 U.S. 320 (1997). As amended by the AEDPA, 28 U.S.C. § 2244(d) provides a 1-year period of limitation for seeking federal habeas corpus relief. On its face Petitioner's application appears to be time-barred by § 2244(d). Accordingly, it is

**ORDERED** that Petitioner show cause in writing within eleven (11) days why his application for writ of habeas corpus under 28 U.S.C. § 2254 should not be dismissed as being time-barred by 28 U.S.C. § 2244(d). Petitioner is admonished that failure to comply with this Order in a timely manner shall result in the dismissal of his case.

**SIGNED** on this 25th day of July, 2007.

_____
WALTER S. SMITH, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]Petitioner failed to indicate the date of the decision of the Texas Court of Criminal Appeals.

[3]The Texas Court of Criminal Appeals' decision was issued on February 21, 2007.