IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| **JERRY DON MARTIN,** § | | |
| **TDCJ #602390,** § | | |
|     **Petitioner,** § | | |
| § | | |
| **v.** § | Civil No. W-07-CA-130 | |
| § | | |
| **NATHANIEL A. QUARTERMAN,** § | | |
| **Director, Texas Department of Criminal** § | | |
| **Justice, Correctional Institutions Division,** § | | |
|     **Respondent.** § | | |

**O R D E R**

    Before the Court is Petitioner's application for writ of habeas corpus under Title 28, United States Code, Section 2254. Petitioner has paid the appropriate filing fee and is before the Court *pro se*. Petitioner filed his habeas application on April 26, 2007.[1] It appears to the Court that Petitioner is challenging his conviction in the 220th Judicial District Court of Hamilton County, Texas, Cause No. 6498, for Aggravated Sexual Assault. He was sentence to fifty (50) years of incarceration in the Texas Department of Criminal Justice, Correctional Institutions Division on October 21, 1991. His conviction was affirmed on October 7, 1992 by the Tenth Court of Appeals of Texas, and the Texas Court of Criminal Appeals refused his petition for discretionary review on September 23, 1992. He did not file a petition for writ of certiorari with the United States Supreme Court. *See* Original Application at 2-3. Petitioner appears to have filed only two state habeas applications, the first (App.

---

[1] *See Spotville v. Cain,* 149 F.3d 374, 375 (5th Cir. 1998)("We hold that the habeas corpus petition of a *pro se* prisoner litigant is filed for purposes of determining the applicability of the AEDPA at the time the petitioner tenders the petition to prison officials for mailing."). Although marked as being filed on April 30, 2007, Petitioner placed his application in the prison mailing system on April 26, 2007. Original Application at 1 and 9.

No. WR-34,764-01) on April 8, 1997[2], and the second (App. No. WR-34,764-02) on December 27, 2006[3]. *Id.*

Based upon the information on the face of Petitioner's federal habeas application, on July 26, 2007, the Court ordered Petitioner to show cause in writing why his application for writ of habeas corpus under 28 U.S.C. § 2254 should not be dismissed as being time-barred by 28 U.S.C. § 2244(d). Petitioner was admonished that failure to comply with the order in a timely manner would result in the dismissal of his case. On August 6, 2007, the show cause order was returned to the Clerk of the Court by the United States Postal Service marked, "Released" and "Return to Sender - Not Deliverable as Addressed - Unable to Forward." (Doc. #8).

Petitioner's § 2254 application was filed after April 24, 1996, and therefore, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), applies to this action. *See Lindh v. Murphy,* 521 U.S. 320 (1997).

As amended by the AEDPA, 28 U.S.C. Section 2244, reads as follows:

> "(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] Petitioner failed to indicate the date of the decision of the Texas Court of Criminal Appeals. The Texas Court of Criminal Appeals website indicates that on February 25, 1998, App. No. WR-34,764-01 was denied without written order based on the findings of the trial court with a hearing.

[3] The Texas Court of Criminal Appeals' decision was issued on February 21, 2007. The Court of Criminal Appeals website indicates that App. No. WR-34,764-02 was dismissed pursuant to Art. 11.07, Sec. 4 of the Texas Code of Criminal Procedure.

>    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. Section 2244(d)(1)-(2).

      The AEDPA, which was enacted on April 24, 1996, provides for a one-year limitation period. There is nothing in the record of this case to suggest: that there was any unconstitutional State action which impeded the Petitioner's ability to timely file the instant federal petition; that there was any newly recognized right announced by the United States Supreme Court; or that Petitioner was not aware of and could not have discovered, through the exercise of due diligence, the factual predicate of his claims until after his judgment of conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(B)-(D).  Therefore, Petitioner had one year from the date his state conviction became final to file his federal application for habeas relief.  His state conviction became final on December 22, 1992, ninety (90) days after Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.  *See* S.Ct.R. 13. Consequently, the one-year limitation period expired on December 22, 1993.

      However, the Court of Appeals for the Fifth Circuit determined that a petitioner who's

conviction became final prior to the enactment of the AEDPA, on April 24, 1996, must be given a reasonable amount of time after the enactment of the AEDPA to start the federal habeas process. *United States v. Flores,* 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied,* 525 U.S. 1091 (1999); *Flanagan v. Johnson,* 154 F.3d 196, 200 (5th Cir. 1998).  Therefore, the Fifth Circuit established a one-year grace period for such petitioners, beginning on April 24, 1996 and ending on April 24, 1997. *Flores,* 135 F.3d at 1006; *Flanagan,* 154 F.3d at 200.  The Fifth Circuit also determined that the tolling provision of 28 U.S.C. § 2244(d)(2) should be applicable to the one-year grace period. *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998).

In the instant case, Petitioner had until April 24, 1997, to file his federal habeas petition. Petitioner filed his first state habeas application on April 8, 1997, sixteen (16) days before the end of the limitation period.  The limitation period was tolled until the Texas Court of Criminal Appeals denied Petitioner's state habeas application on February 25, 1998, but expired sixteen days later, on March 13, 1998.  Because Petitioner did not file his second state habeas application until after the one year statute of limitations had expired, its filing did not toll the running of the statute of limitations.

Equitable tolling of the limitations provisions of the AEDPA should be applied only in "rare and exceptional circumstances." *Felder v. Johnson,* 204 F.3d 168, 170-71 (5th Cir. 2000)(quoting *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)), *cert. denied,* 121 S.Ct. 622 (2000). "[E]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Felder*, 204 F.3d at 171.  Petitioner has failed to show any "rare and exceptional circumstances" to even suggest the equitable tolling of the AEDPA's statute of limitations.

Petitioner filed the instant application for federal habeas relief more than nine years after the

judgment of his conviction and sentence became final, and Petitioner has failed to show that the running of the AEDPA's statute of limitations should be tolled. His federal habeas petition is, therefore, time-barred under § 2244(d). Accordingly, it is

**ORDERED** that Petitioner's application for federal writ of habeas corpus is **DISMISSED** as time barred pursuant to 28 U.S.C. § 2244(d). It is further

**ORDERED** that any and all motions not previously ruled upon by the Court are hereby **DENIED.**

**SIGNED** on this 13th day of August, 2007.

_____
WALTER S. SMITH, JR.
CHIEF UNITED STATES DISTRICT JUDGE